**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDA COELHO, | No. 11-17149 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-02102-JSW |
| v. | |
| CAROLYN W. COLVIN,[*] | MEMORANDUM[**] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted May 16, 2013
San Francisco, California

Before: McKEOWN and WATFORD, Circuit Judges, and ZILLY, Senior District
Judge.[***]

---

[*]     Carolyn W. Colvin, Acting Commissioner of Social Security, is
substituted for her predecessor pursuant to Fed. R. App. P. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[***]     The Honorable Thomas S. Zilly, Senior United States District Judge
for the Western District of Washington, sitting by designation.

Linda Coelho appeals from the district court's judgment affirming the decision of the administrative law judge (ALJ) denying Coelho's application for Social Security disability benefits. We affirm.

The ALJ reasonably declined to credit the opinions of Coelho's treating physicians because they were inadequately supported by the objective medical evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ noted, for example, that one of the opinions failed to explain how Coelho's cervical radiculopathy (a neck condition) resulted in right knee dysfunction. More generally, the ALJ acknowledged that Coelho "clearly has an impairment of the cervical spine," but reasonably concluded that this impairment did not support the extreme "limitations in walking, sitting, standing, and other postural positions" that the treating physicians assessed. Although Coelho objects by citing various pieces of objective evidence in the record, for the most part those references confirm only the underlying impairment that the ALJ acknowledged. Coelho does not cite any persuasive evidence overlooked or otherwise downplayed by the ALJ that supports the particular limitations found by the physicians. Because the ALJ had proper reasons for rejecting the treating physicians' opinions, there is no independent problem with his reliance on the opinions of non-examining physicians. *Cf. Orn v. Astrue*, 495 F.3d 625, 633 (9th Cir. 2007).

2

The ALJ also reasonably found Coelho's subjective complaints to be lacking in credibility. Here again, the ALJ was entitled to rely on the lack of objective medical findings. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ also emphasized one particular inconsistency between Coelho's claim that she could not even pick up a pair of jeans with her right hand and an assessment in the record reporting her right grip strength as "4+/5 (essentially normal)." Finally, the ALJ was entitled to infer that Coelho's pain was not as great as she claimed from the fact that she "did not seek an aggressive treatment program." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Taken together, these considerations support the ALJ's adverse credibility finding.

The ALJ reasonably concluded that Coelho's spinal impairment did not meet the requirements for Listing 1.04(A), citing the absence of evidence of motor loss, sensory loss, or reflex loss. Coelho argues that the ALJ's explanation for this conclusion was inadequate. However, under the applicable regulations, Coelho was required to support her claim with objective medical evidence. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00(D). On appeal, she cites primarily medical findings that either were remote in time or merely repeated Coelho's self-reports of her own symptoms. The ALJ was therefore entitled to disregard these findings without additional elaboration.

3

Coelho's remaining challenges to the ALJ's decision are unpersuasive and, in any event, she would be unable to show more than harmless error given our conclusions above. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

**AFFIRMED.**

*Coelho v. Colvin*, No. 11-17149

WATFORD, Circuit Judge, dissenting:

We accord ALJ decisions great deference, but a prerequisite to that deference is a sufficiently thorough explanation to enable us to understand the ALJ's reasoning and to review it for basic soundness. Here, in concluding that Coelho did not meet the requirements for Listing 1.04(A), the ALJ stated only that "the required findings are not documented in the medical evidence," before noting in particular the absence of evidence of motor loss and either sensory loss or reflex loss. However, Coelho cites several pages of medical records reflecting findings of motor loss and sensory loss, and at least some of those records document objective observations. The ALJ may have believed these findings were too remote in time or outweighed by other contrary evidence, as the government urges, but he was obligated to provide that analysis himself. *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). The ALJ's failure to discuss the relevant evidence means we cannot be certain that he even reviewed the evidence, much less determine whether he reached a rational conclusion about it. Accordingly, I would remand the case to require the ALJ to evaluate the medical evidence cited by Coelho and provide a more thorough explanation of his reasoning. *See Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).